**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **DEBRA L. WILLIAMS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil No. 07-3022-CV-S-RED-SSA** |
| | ) |
| **MICHAEL J. ASTRUE** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

Plaintiff Debra L. Williams ("Williams") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. § 401 *et seq.*. Plaintiff has exhausted all of her administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

**I. Background**

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and as such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

**II. Standard of Review**

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g), 1383(c)(3) (2000); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2007); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five). If at any step in the evaluation process the claimant is determined to be not disabled, the inquiry ends. 20 C.F.R. § 404.1520(a)(4) (2007); *see Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006).

## III. Analysis

Williams raises four arguments in challenging the ALJ's finding of no disability. First, Williams argues the ALJ erred in failing to find that her severe ankle pathology meets or equals a listed impairment listed in 20 C.F.R. pt. 404, subpart P, app 1. Williams further contends the ALJ failed to properly assess her physical residual functional capacity and her mental residual functional capacity. Finally, Williams asserts the ALJ erred in failing to find her testimony credible. The Court will consider each argument in turn.

### A. Step Three Analysis

Williams first argues the ALJ erred by failing to find that her ankle pathology meets or equals a listed impairment precluding her ability to participate in substantial gainful activity. In particular, Williams argues that the evidence in the record clearly demonstrates that she is unable

to ambulate effectively, thus meeting the criteria set forth in Section 1.03 of listed impairments.

At the third step of the five-step sequential evaluation process used to determine if a claimant is disabled, the Commissioner determines if the claimant has an impairment that meets or equals one of the listed impairments; if the claimant is found to have such an impairment, the claimant will be found disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2007). Section 1.03 of the listings requires: "[r]econstructive surgery or surgical arthrodesis of a major weight-bearing joint, with the inability to ambulate effectively, as defined in 1.00B2b, and return to effective ambulation did not occur, or is not expected to occur, within 12 months of onset." 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.03 (2007). Ineffective ambulation is defined as "an extreme limitation of the ability to walk" such that the impairment very seriously interferes with an individual's ability "to initiate, sustain, or complete activities." *Id.* § 1.00B2b(1). Examples of ineffective ambulation include "the inability to walk without the use of a walker, two crutches or two canes" and "the inability to walk a block at a reasonable pace on rough or uneven surfaces." *Id.* § 1.00B2b(2).

Williams contends the medical evidence and the ALJ's physical residual functional capacity assessment confirm that she meets the criteria of § 1.03. Specifically, she points to the limitations the ALJ recited: "She must use a cane in the left dominant hand when walking . . . wear an ankle brace and lift shoes . . . and work on an even surface" (Tr. at 23), to conclude that it would be impossible for her to walk a block at a reasonable pace on rough or uneven surfaces.

The Court does not agree. The evidence confirms that Williams must walk with a single cane, not multiple canes. In addition, the fact the ALJ included a requirement for work on an even surface in the residual functional capacity assessment in no way confirms that Williams is unable to walk a block on an uneven or rough surface. Williams points to no evidence in the record that

-4-

supports such a conclusion. Accordingly, the Court finds the ALJ did not err in finding that Williams' severe ankle pathology did not meet or equal a listed impairment.

### B. Physical Residual Functional Capacity Assessment

Williams next argues the ALJ failed to properly assess her physical residual functional capacity. Specifically, she argues the ALJ erred in ignoring the findings and opinions of Drs. Bennoch, Nachtigal, and Lennard in formulating the assessment.

In discounting the opinions of Drs. Bennoch and Lennard, the ALJ stated in part: "The undersigned gives little weight to these opinions because they are conclusory and inconsistent with the opinion of claimant's treating physician, Dr. Ball." (Tr. 22). The ALJ did not discount the opinion of Dr. Nachtigal, but merely noted that Dr. Nachtigal, an orthopedic surgeon who had examined Williams' ankle, did not think claimant had any disabling limitation. (*Id.*)

Typically, opinions of treating physicians are entitled to special or controlling weight and it is the function of the ALJ to resolve conflicts among the opinions of various treating and examining physicians. *Bentley v. Shalala*, 52 F.3d 784, 785-86 (8th Cir. 1995). Here, in resolving the conflicts in opinion in the record, the ALJ adopted the opinion of Dr. Ball, the treating physician, over the opinions of various examining physicians. Based upon a review of the record, the Court finds the ALJ did not err in discounting the opinions of Drs. Bennoch and Lennard in favor of the opinion of treating physician Dr. Ball in assessing Williams' physical residual functional capacity.

### C. Mental Residual Functional Capacity Assessment

Williams further argues the ALJ failed to properly assess her mental residual functional capacity. Here again, Williams argues the ALJ erred by ignoring the assessment of Dr. Bhargava.

While opinions of treating physicians are generally entitled to controlling weight, such

opinions are not conclusive and "must be well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2) (2007); *see Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Here, the ALJ gave little weight to Dr. Bhargava's opinion because it was conclusory and inconsistent with the evidence as a whole (Tr. 22). Indeed, Dr. Bhargava's own treatment notes indicate improvement in Williams' condition (*See* Tr. 220-22). Accordingly, based on the evidence in the record, the Court finds the ALJ did not err in discounting the opinion of Dr. Bhargava and thus properly assessed Williams' mental residual functional capacity.

### D. Credibility Findings

Finally, Williams argues the ALJ failed to find her testimony credible.

The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). As such, if an ALJ discredits a claimant's testimony and gives good reasons for doing so, the Court will normally defer to the ALJ's credibility determination. *See Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991) (quoting *Dixon v. Sullivan*, 905 F.2d 237, 238 (8th Cir. 1990)). When making a disability determination, the ALJ may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them; however, the ALJ may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional

-6-

restrictions. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1994). The ALJ is not required to discuss each *Polaski* factor in his decision as long as the *Polaski* framework is acknowledged and considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

After consideration of the evidence of record, the ALJ concluded that "clamaint's allegations are partially credible" (Tr. 23). The ALJ based this conclusion on Williams' sporadic work history, lack of evidence her prescribed medications were not efficacious, evidence of daily activities, and the objective medical evidence. Taking these factors together, and based on the record as a whole, the Court finds there is substantial evidence to support the ALJ's evaluation of Williams's credibility.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby ORDERED that the decision of the ALJ in partial denying disability benefits is **AFFIRMED.**

    **IT IS SO ORDERED**.

DATE:        August 6, 2008          */s/ Richard E. Dorr*
                                     RICHARD E. DORR, JUDGE
                                     UNITED STATES DISTRICT COURT